CASE 57—PETITION EQUITY—NOVEMBER 30.

## City of Covington v. Woods, &c.

APPEAL FROM KENTON CIRCUIT COURT.

1. CONSTRUCTION OF CITY CHARTER—LICENSE TAX.—A provision of the charter of cities of the second class authorizing the general council of such cities to license, tax and regulate various vehicles specifically named, "and all other vehicles used or let for hire," the vehicles specifically named being such as are usually let for hire, does not authorize an ordinance imposing license fees upon vehicles not let for hire, whether specifically named in the charter or not

2. SAME—DOUBLE TAXATION.—An ordinance imposing license fees upon vehicles let for hire imposes a tax upon the occupation of the owner merely, and is not liable to the objection that it imposes double taxation, although an *ad valorem* tax is also imposed upon the vehicle.

W. McD. SHAW FOR APPELLANT.

Cities of the second class have the authority to license the various vehicles mentioned in the petition of appellees. (Ky. Stats., sec. 3058.)

D. A. GLENN FOR APPELLEES.

The ordinance is invalid, because it seeks to impose a license upon vehicles used not for let or hire. (Ky. Stats., sec. 3058.)

City of Covington v. Woods, &c.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Covington is a city of the second class.

Section 3058, Kentucky Statutes, is part of an act for the government of cities of the second class in this Commonwealth, and which, among other things, provides that the general council of cities of that class shall have power, by ordinance, "to license, tax and regulate * * * * livery, board, feed and sale stables, hansoms, cabs, hackney-coaches, carriages, barouches, buggies, wagons, omnibuses, carts, drays, job wagons and all other vehicles used or let for hire, * * *" This, under sub-division 2 of the section with the heading "License Tax on Occupations," etc.

The general council of the city of Covington, by ordinance, seeks to compel owners of vehicles plying the streets of the city to pay license fees therefor.

The provisions of the ordinance embrace all vehicles owned by persons, within or without the corporate limits of the city, making use of the streets for whatsoever purpose, except farmers marketing produce of their farms, and also there is excepted from its provisions vehicles which may be kept only as a reserve to take the place of a similar vehicle temporarily out of repair and not in use. The provisions of the ordinance embrace all vehicles except as above stated regardless as to whether they are used or let for hire.

Section 181 of the constitution is as follows: "The General Assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may, by general laws, confer on the proper authorities thereof respectively the power to assess and collect such taxes. The General Assembly may, by general laws only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations and pro-

fessions, or a special or excise tax; and may, by general laws, delegate the power to counties, towns, cities and other municipal corporations to impose and collect license fees on stock used for breeding purposes, on franchises, trades, occupations and professions."

It is by virtue of the foregoing section of the constitution that the General Assembly can delegate to the general council of cities the power to pass ordinances imposing tax, license fees, etc. The General Assembly authorized the general council of such cities to levy and collect an *ad valorem* tax on the property subject to taxation within the territorial limits of the city, and by the terms of an ordinance an *ad valorem* tax is levied and collected on such property in the city of Covington, including the vehicles described in the ordinances. The constitution requires that taxes shall be uniform upon all property subject to taxation within the territorial limits of the authority collecting them.

While this is true, express authority is conferred upon the General Assembly to delegate to cities, etc., the power to impose and collect "license fees on      *    trades, *occupations* and professions."

Although an *ad valorem* tax is collected on the vehicles described in the ordinance, still the criticism can not properly be made that there is a want of uniformity, or that there is double taxation where the proper authorities impose and collect a license fee on such of it as may be used or let for hire.

The *ad valorem* tax is on the property and the license fee is on the occupation of the owner. Where the ordinance provides that a given sum shall be paid as a license fee on a vehicle it simply employs a method of fixing the amount of the license fee one shall pay by the number and character of his vehicles used or let for hire. It is, in fact, a tax on the

occupation of the party owning or plying the vehicles in the city, though technically it may appear to be a tax on the vehicles. In the light of the constitutional provision, we must hold that the General Assembly so intended it to be and that it is a tax on the occupation of the owner. It follows from this conclusion that the General Assembly had the authority to and did delegate to the general councils of the cities of the second class the power to impose and collect the license fees.

The general council must have concluded that the authority had been delegated by the General Assembly to it to impose, and collect of the owners of vehicles, regardless of the use to which their vehicles were put, license fees. The act delegated the power to license, tax and regulate "livery, board, feed and sale stables, hansoms, cabs, hackney coaches, carriages, barouches, buggies, wagons, omnibuses, carts, drays, job wagons and *all other vehicles used or let for hire.*"

The plain words of the statute are decisive of the question as to the kind of vehicles for which license fees were to be imposed and collected. The statute itself furnishes the means of its own exposition and the intent of the act clearly appears from reading it.

If the General Assembly had intended to have delegated the power to the general councils of cities of the second class to collect license fees on *all persons* plying vehicles on the streets the qualifying words, *"used or let for hire,"* would not have been used. It would have been easy for the General Assembly to have said all vehicles plying the streets without any particular designation had it not been the purpose to limit the imposition of license fees to vehicles in certain use.

The enumerated vehicles are the kind which are usually "used or let for hire" in cities. To make manifest and cer-

tain the kind of vehicles embraced, the act particularly named some and used the general words, "other vehicles," to designate the balance of like character but all of which must be "used or let for hire" to authorize the general council to impose the license fees.

We conclude that the ordinance, in so far as it imposes license fees on vehicles used or let for hire, is valid; in so far as it attempts to impose license fees on vehicles not used or let for hire it is invalid. The General Assembly did not delegate the power to the general councils of the cities of the second class to impose license fees on vehicles not used or let for hire, and if the General Assembly has the constitutional right to grant such power (and we do not decide the question, as it is not involved in this case) then the cities of the second class could only exercise it after receiving such grant.

It appears from the petition that some of the plaintiffs ply their vehicles for hire and that others of them do not so use them, but the petition does not show the facts with reference to their several conditions in this respect. Therefore, the case is reversed, with directions that, if the parties desire to proceed further in the case, the petition be amended so as to show the facts. Upon doing so, the court will dissolve or perpetuate the injunction as each party's rights may be made to appear as fixed by this opinion.