Bowser & Co. v. Thompson, Judge.

---

CASE 44—WRIT OF PROHIBITION—MARCH 16.

# Bowser & Co. v. Thompson, Judge.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. TAXATION OF VEHICLES—POLICE POWER.—It is a proper exercise of the police power of the State to authorize a municipality to impose a license fee on vehicles run therein.

M. S. BARKER FOR APPELLANTS.

1. Section 181 of the Constitution mentions the things or subjects, which may be licensed, and as vehicles are not included in that enumeration, the ordinance imposing a license upon them is void. Levi v. City of Louisville, 97 Ky., 397; Taylor, McBean & Co. v. Chandler, 9 Heiskell (Tenn.), 349; City of Covington v. Woods, 17 Ky. Law Rep., 927.

2. Section 3011 of Ky. Statutes, and the license ordinance, are in conflict with section 171 of the Constitution. Levi v. City of

Louisville, 97 Ky., 397; sec. 2980 Ky. Statutes; Gillman v. City of Sheboygan, 2 Black U. S., 515; Taylor, McBean & Co. v. Chandler, 9 Heiskell (Tenn.), 3

3. The ordinance is invalid, because it violates section 174 of the Constitution, which provides that all property shall be taxed according to its value. Levi v. City of Louisville, 97 Ky., 397.

4. The license ordinance can not be upheld under the "police power." Mumm v. Illinois, 94 U. S. P., 113; Tiedeman's Limitations of Police Powers, pages 4, 12 and 301; Chilver v. People, 11 Michigan, 43; Cooley's Constitutional Limitations, 245.

LAF. JOSEPH FOR APPELLEE.

1. It is within the police power of cities and municipalities to regulate the running of vehicles therein, by imposing a license taxation thereon; excepting the sale of intoxicating liquors, there is no one thing requiring police regulation to a greater extent than the running of vehicles. Sec. 174 of the Constitution; Levi v. City of Louisville, 16 Ky. Law Rep., 872; Covington v. Woods, 17 Ky. Law Rep., 927.

2. The occupation of selling coal, and the occupation of driving, or using a vehicle, are separate and distinct occupations, and are most frequently followed by different individuals. Knoxville v. Sanford, 13 Lea (Tenn.), 545; Memphis v. Battalie & Co., 8 Heiskell (Tenn.), page 524.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellants are coal dealers in the city of Louisville and use a number drays for delivery of coal to their customers. An ordinance passed in pursuance of authority conferred by the organic law of the city, prescribes, among other regulations as to vehicles, not necessary to set out here, a license fee of five (5) dollars for each dray drawn by two animals. To test the constitutionality of the section of the section of the statutes conferring the power to thus tax or license vehicles the appellants have brought this action.

The statute, section 3011, Kentucky Statutes, provides that "The general council may by ordinance, provide for the following licenses, to be paid into the sinking fund, with adequate penalties for doing business for following the calling, occupation, profession or using or holding or exhibiting the article herein named without the required license:

"Vehicles run in the City:—For each vehicle running in said city, not less than two dollars, nor more than fifty dollars per annum."

Other clauses of this section impose license fees on hawkers, hucksters, peddlers, shows, dance houses, billiard and pool tables, brokers, etc., while others attempt to substitute a license tax system instead of the *ad valorem* system required by the Constitution.    (Levi v. City of Louisville, 97 Ky., 400.)

This attempt was held futile in the case cited, but after a careful consideration of the argument of learned counsel, we are unable to find in what respect the clause as to license fees on vehicles is in conflict with the Constitution. There may be some difficulty in saying that the tax or fee is one levied upon the occupation of the dealer as is said when vehicles are let by him as a business.   (City of Covington v. Woods, 17 R., 927.)

But that the license fee may be imposed under the police power of the State seems quite clear.    The use of the streets and public ways of the city is a use common to all, but this use must not be exercised by any to the injury of others; and when in the nature of things, it will likely be so exercised, regulations may be imposed under the police

power. As said by counsel for the appellees: "There is, perhaps, in the catalogue of things requiring police surveillance no one thing, excepting the sale of intoxicating drinks, which requires police regulation to a greater extent than vehicles. Runaways, collisions, running over pedestrians, stealing property given for transportation, overcharging, robbing in public conveyances, fast and reckless driving are but a tithe of the evils calling for such surveillance in the use of vehicles on the public streets."

In order to accomplish this successfully, vehicles and their owners and drivers must be identified by the license system—the cost of which regulation is to be borne by the licensee.

It is said that there are ordinances already regulating the speed of vehicles within the city, but the law makers seemed not to have supposed these means sufficient to combat the evil, any more than the law against drunkenness was deemed sufficient regulation of the right to sell intoxicating drinks.

The judgment below upholding the validity of the law must be affirmed.