## City of Henderson v. Lockett, et al.

(Decided February 10, 1914.)

## Appeal from Henderson Circuit Court.

1. Municipal Corporations—Police Power—License Fees Upon Automobiles.—A municipal corporation may, under its police power, impose upon automobiles a license fee sufficient to cover the cost of issuing the license, and of exercising a supervisory regulation over the subjects thereof.

2. Municipal Corporations—Taxation—Power to Tax Automobiles Not Used or Let For Hire.—A municipal corporation of the third class cannot under Section 3290, sub-section 10, impose a license for revenue purposes upon automobiles not used or let for hire. The Statute in question is limited by Section 181 of the Constitution; and as such a tax would not be an occupation tax, it could not be upheld under the Statute in question.

JOHN C. WORSHAM for appellant.

F. J. PENTECOST for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

The city of Henderson, a municipality of the third class, by its council, enacted on February 18, 1913, an ordinance which provides, in section 1, for the registration of automobiles owned by residents of the city of Henderson and the payment of a license fee thereon, of five dollars for each automobile of not exceeding twenty horse-power, ten dollars for each automobile of from twenty to not exceeding thirty horse-power, and fifteen dollars for each automobile exceeding thirty horse-power. Section 2 of said ordinance provides regulations as to signal lights to be carried. Section 3 provides that when an automobile is sold by persons other than a manufacturer or dealer, the sale shall be reported to the city clerk, and the purchaser shall pay a license fee thereon notwithstanding the fact that the former owner has already paid same. Section 4 excludes non-residents from the operation of the ordinance, except as to the provisions of section 2. Section 5 prescribes speed regulations, etc. Section 6 makes it unlawful for any person under sixteen years of age to drive an automobile in said city. Section 7 regulates the use of horns and other alarms, and "cut-outs" in said city. Section 8 prohibits the trying-out of any automobile on the streets while under pro-

cess of repairs. Section 9 fixes the penalty for failure to pay the license fee provided in section 1. And, section 10 fixes the penalty for violation of the other sections of the ordinance.

Appellees instituted in the Henderson Circuit Court an action to enjoin the enforcement of the ordinance, the petition alleging that the plaintiffs are citizens of Henderson and owners of automobiles kept by them for pleasure and not for hire, and that their said automobiles have been regularly assessed for taxation for city purposes, and the regular ad valorem tax has been paid thereon; that to own an automobile for the private use of a citizen which is not for hire, is neither a franchise, a trade, nor an occupation, and that said ordinance constitutes double taxation, and is invalid.

The city filed a general demurrer to the petition, but the court seems to have treated the demurrer as a separate one against each section of the ordinance set out in full in the petition, and sustained the demurrer to so much of the petition as sought to have sections 2 and 10 inclusive declared invalid, and overruled the demurrer to so much of the petition as sought to have section 1 declared invalid. The defendant declining to plead further, judgment was entered enjoining the city from the collection of the license fee imposed by section 1 of the ordinance; and from that judgment the city appeals.

Section 3290, Kentucky Statutes, governing cities of the third class, provides that "the common council of said cities shall, within the limitations of the Constitution of the State and this Act, have power, by ordinance; subsection (10) to license, tax and regulate hackney carriages, cars, omnibuses, wagons, drays and all other vehicles, and to fix the rate to be charged for the carrying of persons and property within the city, and to the public works and property beyond the city limits."

This subsection, however, must be construed in the light of section 181 of the Constitution, which provides that "The General Assembly may, by general laws only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations and professions."

In City of Covington v. Woods, 98 Ky., 344, 17 R., 927, 33 S. W., 84, the city of Covington attempted to impose a license fee upon the owners of all vehicles plying the streets of said city. The statute under which the city

proceeded authorized the city to license, tax and regulate vehicles used or let for hire, only. And this court held that the ordinance in so far as it imposed license fees on vehicles used or let for hire, was valid saying, "in so far as it attempts to impose license fees on vehicles not used or let for hire, it is invalid. The General Assembly did not delegate the power to the general councils of the cities of the second class to impose license fees on vehicles not used or let for hire, and if the General Assembly has the constitutional right to grant such powers (and we do not decide the question as it is not involved in this case) then the cities of the second class could only exercise it after receiving such grant."

Limited by section 181 of the Constitution, sub-section 10 of section 3290, Kentucky Statutes, if called into action as a *revenue measure,* would not authorize the imposition of a license fee upon vehicles not used or let for hire, for the reason that such a license fee would not be an "occupation" tax.

It is contended, though, by the city, that the ordinance is authorized under the police powers of the municipality.

In Bowser & Co. v. Thompson, Judge, 103 Ky., 331, 45 S. W., 73, 20 R., 31, the statute, section 3011, authorized the city of Louisville to license "Vehicles run in the city—for each vehicle running in the city, not less than two dollars nor more than fifty dollars per annum." An ordinance thereunder enacted was attacked by a firm of coal dealers which used a number of drays in the delivery of its coal. This court said:

"There may be some difficulty in saying that the tax or fee is one levied upon the "occupation" of the dealer, as is said when vehicles are let by him as a business. (City of Covington v. Woods, supra.) But, that the license fee may be imposed under the police powers of the State seems quite clear. The use of the streets and public ways of the city is a use common to all; but this use must not be exercised by any to the injury of others; and, when in the nature of things, it will likely be so exercised, regulations may be imposed under the police powers. In order to accomplish this successfully, vehicles and their owners and drivers must be identified by the license system—the cost of such regulation to be borne by the licensee."

It is argued, however, that as section 3290, sub-section 10, was enacted in 1893 and before automobiles came

into use, the same could not have been in contemplation of the act the time of its passage. But, an automobile is a vehicle, and the section in question, embraces automobiles regardless of when they came into use.

It will thus be seen that the city may in the exercise of its police power, license and regulate automobiles; and this brings us to the question as to whether the ordinance under consideration is a valid exercise of the police power.

Where a license fee is exacted as a revenue measure, under statutory authority based upon section 181 of the Constitution, the courts will not interfere with the exercise of that power unless the action is arbitrary and oppressive. But, where a license fee is imposed under the police power, the fee exacted must not be so large as to charge the ordinance with the imputation of a revenue-producing purpose. The fee that may be imposed under the police power is one that is sufficient only to compensate the municipality for issuing the license and for exercising a supervisory regulation over the subjects thereof. Anything in addition to this amounts to a tax for revenue, and cannot be upheld as a valid exercise of the police power. What is a reasonable fee is a question of fact, depending upon the particular circumstances; the cost of issuing the license certificate, together with the cost of registering, supervising and keeping in control the subjects of the license; taking into consideration the area of the city, population, conditions of public travel, etc.

The petition herein failed to allege that the license fee complained of is unreasonable for the purpose for which it may be imposed, or to allege what would be a reasonable license fee therefor, or to state facts from which such unreasonableness might be inferred; and the amount of the license fee imposed is not so large as to indicate a revenue-producing purpose, per se.

The court, therefore, erred in overruling the demurrer; and for that reason, the judgment is reversed for proceedings consistent with this opinion.