## City of Mayfield v. Carter Hardware Company.

(Decided May 3, 1921).

### Appeal from Graves Circuit Court.

1. Licenses—Subjects of License—Tax—Vehicles.—The imposition of a license fee on vehicles owned and operated in a city of the fourth class is a valid exercise of the police power.

2. Licenses—Registration of Motor Vehicles—License Fees and Taxes—Amount.—Since the registration of motor vehicles will cost something, and their operation on the streets of the city will necessarily require the services of one or more traffic policemen to see that the regulations imposed by the city are obeyed, and to look after the safety of the citizens, it cannot be said as a matter of law that a license fee of $6.00 for each machine of twenty-five horse power or under, and of $7.00 for each machine of more than twenty-five horse power, is unreasonable.

3. Licenses—License Fees and Taxes.—Where the ordinance declares that the fee is levied for the purpose of having all automobiles and motorcycles registered, and for exercising a supervisory regulation over them, and the amount of the fee is not unreasonable, it cannot be said that the fee is imposed merely as a tax.

4. Licenses—Effect of State Statute on Power of City of Fourth Class to Impose a License Fee on Motor Vehicles.—There is nothing in the state statute providing for the registration and licensing of motor vehicles, which either expressly or by necessary implication, deprives a municipality of the fourth class of the power to impose a license fee on motor vehicles owned and operated in the city, to meet the expense of registration and the enforcement of reasonable regulations not inconsistent with the statute.

J. C. CARTER and W. J. WEBB for appellant.

ROBBINS & ROBBINS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The Carter Hardware Company, a corporation doing business in the city of Mayfield, and owning and operating an automobile on the streets of the city, was fined in the police court for its failure to procure an automobile license as required by ordinance. On appeal to the circuit court the ordinance was held invalid. The city appeals.

The ordinance is as follows:

"An ordinance imposing a license tax upon all persons, firms and corporations owning and operating automobiles and motorcycles in the city of Mayfield, Ky.

"Be it ordained by the board of council of the city of Mayfield, Ky.

"Sec.   That the following license tax is hereby fixed, established, levied and imposed upon all persons, firms or corporations, owning and operating automobiles and motorcycles in the city of Mayfield, Ky., that said license fees are hereby fixed, levied and imposed for the purpose of having all automobiles and motorcycles registered each year in said city, and for exercising a supervisory regulation over the subjects thereof, and that any person, firm or corporation owning and operating an automobile or motorcycle in the city of Mayfield, Ky., shall first procure a license so to do, and pay the license fee thereof as follows:

"1.   For each automobile, owned and operated by any person, firm or corporation, residing in the city of Mayfield, Ky., for each machine of 25 horse power or under, $6; for each machine of more than 25 horse power, $7; for each motorcycle, $6.

"Sec. 2.   The aforesaid license fee shall be paid on or before the first day of October, 1920, and each succeeding year thereafter, and all persons, firms or corporations violating section 1 of this ordinance shall, upon conviction in the Mayfield police court, be fined in any sum not less than $5 nor more than $20 for each offense, and each day said violations occur shall be a separate offense.

"Sec. 3.   All ordinances and parts of ordinances in conflict herewith are hereby repealed, and this ordinance shall be in full force and effect from and after its passage, publication and approval."

There are three other ordinances in force, regulating automobile traffic in the city, and it does not appear that the provisions of these ordinances are in conflict with the state statute on the subject. It also appears that the Carter Hardware Company has paid an *ad valorem* tax on its property, and also a license tax of $25.00 for the privilege of conducting a hardware business, in the prosecution of which it makes use of the automobile.   It is the contention of the company that the ordinance cannot be sustained under the taxing power, because the legislature is without authority under section 181 of the Constitution, to grant to a municipal corporation the power to impose license fees, except upon trades, occupations and professions, and the automobile in question was not used for

hire.   It is further insisted that the ordinance cannot be sustained under the police power, because the fee imposed is unreasonable and excessive.

In view of the conclusions of the court, we deem it unnecessary to decide whether the ordinance may be sustained as a revenue measure.

In the case of Bowser & Co. v. Thompson, Judge, 103 Ky. 331, 45 S. W. 73, the court had before it the validity of an ordinance of the city of Louisville imposing a license fee of not less than two dollars, nor more than fifty dollars per annum on "vehicles run in the city."   In sustaining the ordinance the court said:

"But that the license fee may be imposed under the police power of the state seems quite clear.   The use of the streets and public ways of the city is a use common to all, but this use must not be exercised by any to the injury of others; and when in the nature of things it will likely be so exercised, regulations may be imposed under the police power.   As said by counsel for the appellees: 'There is, perhaps, in the catalogue of things requiring police surveillance no one thing, excepting the sale of intoxicating drinks, which requires police regulating to a greater extent than vehicles.   Runabouts, collisions, running over pedestrians, stealing property given for transportation, overcharging, robbing in public conveyances, fast and reckless driving, are but a tithe of the evils calling for such surveillance in the use of vehicles on the public streets.'

"In order to accomplish this successfully, vehicles and their owners and drivers must be identified by the license system—the cost of which regulation is to be borne by the licensee.

"It is said that there are ordinances already regulating the speed of vehicles within the city, but the law makers seemed not to have supposed these means sufficient to combat the evil, any more than the law against drunkenness was deemed sufficient regulation of the right to sell intoxicating drinks."

In the more recent case of City of Henderson v. Lockett, 157 Ky. 366, 163 S. W. 199, the court held that a municipal corporation may under its police power impose upon automobiles a license fee sufficient to cover the cost of issuing a license and of exercising a supervisory regulation over the subjects thereof.   In discussing the question the court said:

"Where a license fee is exacted as a revenue measure, under statutory authority based upon section 181 of the Constitution, the courts will not interfere with the exercise of that power unless the action is arbitrary and oppressive. But, where a license fee is imposed under the police power, the fee exacted must not be so large as to charge the ordinance with the imputation of a revenue producing purpose. The fee that may be imposed under the police power is one that is sufficient only to compensate the municipality for issuing the license and for exercising a supervisory regulation over the subjects thereof. Anything in addition to this amounts to a tax for revenue, and cannot be upheld as a valid exercise of the police power. What is a reasonable fee is a question of fact, depending upon the particular circumstances; the cost of issuing the license certificate, together with the cost of registering, supervising and keeping in control the subjects of the license; taking into consideration the area of the city, population, conditions of public travel, etc."

The charters of cities of the fourth class confer on their boards of council the power "to license, tax and regulate wagons, drays, hacks and all kinds of vehicles and livery stables."

If it can be said that the use of ordinary vehicles on the streets is a proper subject of police regulation, it cannot be doubted that the police power extends to the regulation of automobiles, which are much more dangerous to the public safety.

There was no evidence tending to show that the amount of the fee was unreasonable, and since the registration of motor vehicles will cost something, and their operation on the streets of the city will necessarily require the services of one or more traffic policemen to see that the regulations imposed by the city are obeyed, and to look after the safety of the citizens, we cannot say as a matter of law that the fee imposed is more than is reasonably sufficient for such purposes.

Nor can we say that the fee is imposed merely as a tax, in view of the fact that the ordinance declares that the fee is levied for the purpose of having all automobiles and motorcycles registered, and for exercising a supervisory regulation over them, and the amount of the fee is not unreasonable.

We find nothing in the state statute providing for the registration and licensing of motor vehicles, which, either expressly or by necessary implication, deprives a municipality of the fourth class of the power to impose a license fee on motor vehicles owned and operated in the city, to meet the expense of registration and the enforcement of reasonable regulations not inconsistent with the statute.

We conclude that the ordinance is valid as a proper exercise of the police power.

Judgment reversed and cause remanded for a new trial not inconsistent with this opinion.