## Panke v. City of Louisville et al.

(Decided April 30, 1929.)

STANLEY B. MAYER for appellant.

WILLIAM T. BASKETT, ROWAN HARDIN and WILLIAM G. DEARING for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Appellant instituted this proceeding assailing the ordinance of the city of Louisville as void in so far as it attempts to impose a license tax in addition to an ad valorem tax on automobiles used, not for business, but for pleasure purposes. The circuit court upheld the ordinance, and she appeals.

By an act to amend the charter of the city approved December 23, 1861, the general council was authorized to license all vehicles running in the city. Elliott's Digest, p. 125. This act remained in force until the Constitution of 1891 was adopted and legislation was had pursuant to it. By section 181 of the Constitution, it is provided that the General Assembly may by general law confer on the proper municipal authorities the power to

assess and collect taxes for municipal purposes and may by general laws delegate the power to municipalities to impose and collect license fees on stock used for breeding purposes and on franchises, trades, occupations, and professions. Under this authority the Legislature, in 1893 (Laws 1891-1893, c. 244) passed the act for governing the cities of the first class, and by section 195, Acts 1893, p. 1314, authorized each city to raise a revenue from ad valorem taxes and a poll tax and license fees. But by section 225 of the same act the city was authorized to provide for the following licenses: "For each vehicle running in said city not less than $2.00 nor more than $50.00 per annum." This provision was assailed as invalid under section 181 of the Constitution, but was sustained by this court as a valid police regulation. Bowser v. Thompson, 103 Ky. 331, 45 S. W. 73, 20 Ky. Law Rep. 31. Similar provisions were inserted in the laws governing cities of other classes, and were in like manner sustained by this court. Henderson v. Lockett, 157 Ky. 366, 163 S. W. 199; City of Newport v. French, 169 Ky. 174, 183 S. W. 532; City of Mayfield v. Carter Hardware Co., 191 Ky. 364, 230 S. W. 298; Id., 192 Ky. 381, 233 S. W. 789.

Some years after the new Constitution had been put into effect the Legislature amended section 181 of the Constitution by providing that a city might be authorized by general law to provide for taxation for municipal purposes on personal property, based on income licenses or franchises in lieu of an ad valorem tax thereon. Under this amendment, in 1904, the Legislature passed an act authorizing the city of Louisville to tax the stock of goods of merchants by license, in lieu of an ad valorem tax thereon. Acts 1904, p. 93. In 1906 (Acts 1906, c. 57) the Legislature again amended the act of 1893 so as to make section 225 read as follows:

"Pursuant to the authority conferred by sec. 2980 of the Kentucky Statutes, the general council may by ordinance provide, in addition to ad valorem taxation for licensing any business, trade, calling, occupation or profession, and the using or holding or exhibiting any animal, article or other thing, whether the same were or were not heretofore enumerated in any statute, and may fix in each case a license fee, all such fees to be paid into the sinking fund of such city. This act may not affect the validity

of any license heretofore issued nor any penalty already incurred under any statute or ordinance requiring a license in such city." Kentucky Statutes, sec. 3011a.

The ordinance in question was adopted under this statute, which was simply substituted for the original provision. The act does not conflict with section 181a, for that was intended only as a modification of section 181 of the Constitution. It has no reference to taxes levied under the police power, and, as this license tax had been upheld under the police power, clearly it was not affected by the amendment of section 181, which has no reference to the police power.

It is earnestly insisted that the act is invalid, because it begins with the words: "Pursuant to the authority conferred by section 2980 of the Kentucky Statutes." Section 2980 is the same as section 195 of the original act, and refers only to the taxes that may be levied under the taxing power. It has no reference to the police power, which is regulated under section 225 of that act. The statute must be read as a whole. One expression in it is not to be construed as antagonistic to the remainder of the act. The plain purpose of the act was to grant an additional power, not conferred by the previous act; that is, to grant the power to provide by ordinance for certain licenses, in addition to ad valorem taxation. The whole trouble will be removed if we read the act according to its sense so as to make it provide that the general council, may by ordinance, in addition to ad valorem taxation, pursuant to the authority conferred by section 2980 of the Kentucky Statutes, provide for licensing any business, trade, etc. This is the clear meaning of the act read as a whole, and the act must be enforced according to its purpose and intent.

It is insisted that the license cannot be sustained under the police power, for the reason that the money is required to be paid into the sinking fund. But this is not the provision of the license only. It is expressly so provided in the act. The Legislature having only given the power to impose the license for the benefit of the sinking fund, the council was without authority to use the money for any other purpose. The license being issued under the police power, only an amount that is reasonable can be charged. But it is of no concern to the person who

pays for the license that the city spends other money for police purposes and uses this money to pay its debts. The proof shows that the license fees are not sufficient to pay the necessary expenses of police regulations, and that the city in fact pays out more money for this purpose than it receives for licenses. The sinking fund is only a branch of the city government, and, so long as the amount of the license is reasonable, the person who pays for the license cannot complain that the city puts the money in one pocket rather than another.

Lastly, it is insisted that the state motor law is exclusive. Acts 1920, p. 415. But that act is simply an act, by its title, relating to vehicles requiring licenses to be obtained from the state officers and regulating vehicles on the state highways. Neither by its title nor by anything in the act are the powers of the cities of the state in any way referred to or regulated. Repeal by implication is not favored. The laws regulating the cities of the state are never held affected by general laws, which do not naturally refer to the powers of these cities or regulate them. By the act, only laws and parts of laws in conflict with it are repealed. Section 22. The previous laws authorizing municipalities to license motor vehicles are in no manner inconsistent with anything in the act and were plainly not in the legislative contemplation in passing this act. Schultz v. Ohio County, 226 Ky. 633, 11 S. W. (2d) 702, and cases cited.

The statute requires all licenses to expire May 1. In so far as the ordinance fixes a different date, it is void. The statute controls.

Judgment affirmed.