## Daily v. City of Owensboro et al.

(Decided Nov. 27, 1934.)

**282**

T. F. BIRKHEAD and CLAUDE E. SMITH for appellant.

O. L. FOWLER for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

An ordinance of the city of Owensboro, a city of the third class, embracing a population of 26,000 inhabitants with corporate limits covering an area of about three square miles, levied an annual license tax of $5 on each owner, residing within the city, of each automobile operated "except for hire." The validity of the ordinance is assailed on the ground it is a revenue measure in that it states the purpose for which the license fee is levied and collected was for "the general fund." It is conceded that by an appropriate ordinance, in the exercise of the police power, the city may levy and collect of owners residing within the corporate limits of the city of automobiles, not used for hire, a license fee "for the purpose of having all automobiles registered each year in the city and exercising a supervisory regulation over the subject thereof." However, it is contended that the $5 annual license fee in the present case is excessive and exorbitant and for

this reason it is invalid even under the term "police power."

Except that the ordinance levies the license tax for the purpose of the general fund, its regularity is not otherwise attacked.

It is argued:

"The license fee on the owners of automobiles and motor trucks not used for hire is a nullity in that it provides a license fee, and is collected for general revenue purposes." "The record without controversion shows that the plaintiff, J. I. Daily, assessed his automobile with the city tax assessor of the city of Owensboro and paid a tax thereon for the year 1933 and 1934, which tax was levied and collected for general revenue purposes." "To state these facts is sufficient. * * * There can be no such thing as double taxation by the same governmental authority." "Nowhere in the ordinance is there any provision or intimation that the money raised for the license tax on automobiles and trucks not used for hire shall be used for regulatory purposes. This, too, in the face of the statute which provides that the purpose for which money is raised from license fees shall be specified in the ordinance imposing same." "It was the manifest purpose and intention of the city of Owensboro in the enactment of the ordinance in question to license tax automobiles and motor trucks not used for hire for revenue purposes and in the enactment thereof it had no purpose or intention of license taxing such automobiles and motor trucks under or pursuant to its police powers." "There is, and has been, for many years past, a law called budget taxation, and it appears from the record in this case that the city of Owensboro is wholly ignoring that statute because they seek by their answer in this case to justify, under an ordinance that attempts to levy this license tax on automobiles and motor trucks not used for hire, in which the ordinance specifically provides that the license tax is collected for general revenue purposes."

To sustain these contentions, he cites to us section 181 of the Constitution; sections 4281u-1 et seq. and 3290-1 and 3290-10 to 3290-12, Kentucky Statutes; City of Henderson v. Lockett, 157 Ky. 366, 163 S. W. 199, 201; Somerset v. Somerset Banking Co., 109 Ky. 549,

60 S. W. 5, 22 Ky. Law Rep. 1129; Com. v. U. S. Fidelity & Guaranty Co., 121 Ky. 409, 89 S. W. 251, 28 Ky. Law Rep. 362; Hillman L. & I. Co. v. Com., 148 Ky. 331, 146 S. W. 776, L. R. A. 1915C, 929; City of Mayfield v. Carter Hdwe. Co., 191 Ky. 364, 230 S. W. 298; City of Newport v. French Bros. Bauer Co. 169 Ky. 174, 183 S. W. 532, 537.

Both the Constitution and the sections of the Statutes cited declare that every ordinance and resolution passed by a city levying a license tax shall specify distinctly the purpose for which it is levied, and no license tax levied and collected for one purpose shall ever thereafter be devoted to another purpose. It is agreed there is no exception to this constitutional and statutory requirement. Bowser, etc., v. Thompson, Judge, 103 Ky. 331, 45 S. W. 73, 20 Ky. Law Rep. 31. The reason for sustaining the exercise of the police power by a municipality so imposing a license fee, in Bowser v. Thompson, is thus stated:

"The use of the streets and public ways of the city is a use common to all, but this use must not be exercised by any to the injury of others; and when, in the nature of things, it will likely be so exercised, regulations may be imposed under the police power. * * * 'There is perhaps in the catalogue of things requiring police surveillance no one thing, excepting the sale of intoxicating drinks, which requires police regulation to a greater extent that vehicles. Runaways, collisions, running over pedestrians, stealing property given for transportation, overcharging, robbing in public conveyances, fast and reckless driving, are but a tithe of the evils calling for such surveillance in the use of vehicles on the public streets.' In order to accomplish this sucessfully, vehicles and their owners and drivers must be identified by the license system, the cost of which regulation is to be borne by the licensee."

In City of Newport v. French Bros. Bauer Co., supra, a criterion for determining whether an ordinance levying a license fee upon vehicles in the exercise of the police power is aptly stated; it "must only be sufficient to compensate the city for the issue of the license, the necessary keeping of the records of such transactions, and the supervisory regulation over the subjects of the license." It must not be "unreasonable in amount

for the police supervision provided for by it, nor more than was necessary for the purpose, considering the size of the municipality and the necessity for the police supervision." To the same effect, see City of Mayfield v. Carter Hdwe. Co., 191 Ky. 364, 230 S. W. 298; City of Henderson v. Lockett, 157 Ky. 366, 163 S. W. 199, 201.

In City of Henderson v. Lockett, it is written:

"Where a license fee is imposed under the police power, the fee exacted must not be so large as to charge the ordinance with the imputation of a revenue-producing purpose. The fee that may be imposed under the police power is one that is sufficient only to compensate the municipality for issuing the license and for exercising a supervision regulation over the subjects thereof. Anything in addition to this amounts to a tax for revenue, and cannot be upheld as a valid exercise of the police power. What is a reasonable fee is a question of fact, depending upon the particular circumstances, the cost of issuing the license certificate, together with the cost of registering, supervising, and keeping in control the subjects of the license, taking into consideration the area of the city, population, conditions of public travel, etc."

Adverting to the attack on the ordinance predicated on its levying the license fee for the purpose of the general fund of the city, in City of Newport v. French Bros. Bauer Co., supra, the ordinance was assailed because it provided for the levy and collection of the license fee for the payment of the expenses of the city government.

We have examined the ordinance involved in that case. It contains this clause:

"The license fees hereby imposed, levied and collected shall be for the purpose of paying the expenses of maintaining the city government of Newport, Kentucky."

Its validity was assailed on the same ground the ordinance in the pending case is attacked, viz., it was a "revenue measure," and ex facie failed to specify distinctly the purpose of the tax was to defray the expenses of the enforcement of traffic regulations of the city. In disposing of the argument that it was a "revenue measure," we said:

"It is insisted that, because the ordinance provides that the license fees shall be for the payment of the expenses of the city government, * * * it is necessarily a revenue tax. We do not concur in this contention, because the expenses of classifying, licensing, tagging, and supervising the vehicles and their drivers must be borne by the city out of its funds for governmental purposes, and it is immaterial what it does with the fund arising from the licensing of vehicles after it shall have been received by the city."

In Panke v. City of Louisville et al., 229 Ky. 186, 16 S. W. (2d) 1034, 1035, an ordinance was attacked for the reason the license tax was levied for sinking fund purposes. In disposing of the challenge of the ordinance on this ground, we said:

"The license being issued under the police power, only an amount that is reasonable can be charged. But it is of no concern to the person who pays for the license that the city spends other money for police purposes and uses this money to pay its debts. The proof shows that the license fees are not sufficient to pay the necessary expenses of police regulations, and that the city in fact pays out more money for this purpose than it receives for licenses. The sinking fund is only a branch of the city government, and, so long as the amount of the license is reasonable, the person who pays for the license cannot complain that the city puts the money in one pocket rather than another."

It is argued that the city in enacting the ordinance in the present case "wholly ignored the budget statute" and sections 4281u-2, 4281u-3. It should be conceded since the ordinance, according to our view, meets the requirement of section 181 of the Constitution, and sections 3290-12 and 4281u-1 et seq., Kentucky Statutes, in that it specifies distinctly the purpose for which the license tax is levied, the asserted disregard by the city of the "budget statute," and sections 4281u-2, 4281u-3 is entirely immaterial and in no way affects the validity of the ordinance, otherwise constitutional.

With these questions disposed of, we are brought to a consideration of the question whether the $5 license fee unreasonably exceeds compensation or expenses of

classifying, licensing, tagging, and supervsing vehicles and their drivers. This is a question of fact to be determined by the evidence.

The burden of proof rests upon Daily. It is unnecessary, nor are we required, to reproduce the evidence of the respective parties bearing on this question. An examination of it, for ourselves, without giving weight to the chancellor's finding of fact, imperatively convinces us the $5 license fee is not in any sense unreasonable or exorbitant or more than reasonably required for the purposes for which it is levied and collected.

The city of Owensboro contains 79.8 miles of public streets. It maintains a police force of 22 members whose total annual salaries are $24,870, and all of them are used a part of the time for supervising and enforcing traffic regulations. There are five public schools within the city, and the children attending them are protected while using the streets by traffic regulations and traffic officers of the city. The latter are provided with cars and a number of them are engaged both day and night in enforcing traffic regulations; traffic lights with current and equipments are maintained at the street crossings; its streets are marked off with crosswalks and parking zones, at the expense of the city.

It is a matter of general knowledge that the city's traffic officers are required to guard and protect the traveling public as to nonresident motor vehicles as well as those owned by residents of the city.

In City of Newport v. French Bros. Bauer Co., supra, the license fee required by the ordinance therein involved "was $5.00 for a wagon drawn by two horses, and $3.00 for a wagon drawn by one horse, annually." It was our conclusion therein that the license fee was not "unreasonable in amount for the police supervision provided for by it, nor more than was necessary for the purpose considering the size of the municipality and the necessity for the police supervision." So it is here.

Perceiving no error, the judgment is affirmed.