# Reeves et al. v. Adam Hat Stores, Inc., et al.

November 29, 1946.

Rehearing denied Feb. 2, 1947.

Roy W. House and M. B. Holifield, Assistants Attorney General, for appellant.

Henry E. McElwain, Jr., and Allen, McElwain, Dinning, Clarke & Ballantine for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The Adam Hat Stores, and twenty-nine other corporations operating chain stores in this State, instituted this declaratory judgment action against the Commissioner of Revenue wherein they attacked the constitutionality of Chapter 174 of the Acts of 1940. Also, they

sought to recover the amounts in taxes collected from each of them under the Act, which each averred had been paid under protest. Issue was joined, some of the facts stipulated, proof was taken as to others, and upon submission of the case the chancellor in a direct and concisely written opinion held the Act was a revenue and not a police measure and declared it unconstitutional, and his judgment ordered the taxes collected thereunder to be returned.

A similar Act passd in 1934, as amended in 1936, was declared to be unconstitutional in Great Atlantic & Pacific Tea Co. v. Kentucky Tax Commission, 278 Ky. 367, 128 S. W. 2d 581, on the ground that it was a revenue measure and that the classification made in the Act was not a natural one, but was unreasonable and arbitrary and violated sec. 171 of our Constitution, which provides that taxes shall be uniform on all property of the same class. Appellants insist that the Act of 1940 is a police regulation rather than a revenue measure; but in the event we disagree with them and hold it to be a revenue measure, then they urge us to overrule our previous opinion in 278 Ky. 367, 128 S. W. 2d 581, and say that the Act does not violate sec. 171.

We have thoroughly reconsidered our opinion in the A. & P. Case, 278 Ky. 367, 128 S. W. 2d 581, and having concluded that it is sound, we are unwilling to overrule it. On the present appeal, appellants place much reliance in State Board of Tax Commissioners v. Jackson, 283 U. S. 527, 51 S. Ct. 540, 75 L. Ed. 1248, 73 A. L. R. 1464 (petition for rehearing denied 75 A. L. R. 1536), and Great Atlantic & Pacific Tea Co v. Grosjean, 301 U. S. 412, 57 S. Ct. 772, 81 L. Ed. 1193, 112 A. L. R. 293. But we had those cases before us when we rendered the A. & P. decision, as a reading of our opinion in 278 Ky. 367, 128 S. W. 2d 581, will disclose, and we can see no reason here to discuss that opinion as anything we might now say would be but a reiteration of what is contained therein.

The other question before us is whether the 1940 Act is a police regulation and can be declared constitutional upon that theory. A comparison of the 1940 Act with the one of 1934, as amended in 1936, reveals practically no difference between the two, except in their re-

spective titles and a slight variation in the rates of taxes imposed and the number of stores falling within the several rates. The title of the 1940 Act covers almost two closely typed pages containing 9 paragraphs which set out certain purported advantages a chain store has over a local merchant, and recites that the public policy of the State requires that such stores be regulated so as to prevent them from destroying or unfairly impeding the operations of independent merchants. But when the body of the Act is read, nowhere in it is found any regulation or control of chain stores, or of their methods of merchandising. While the title of the Act recites it is a police measure, the Act, itself, only lays a tax and is noticeably silent as to imposing any prohibition or restriction on chain stores.

Appellants insist that this court must accept as true the facts recited in the title of an act and cannot go behind the title and question the facts contained therein, citing Shaw v. Fox, County Judge, 246 Ky. 342, 55 S. W. 2d 11; Carolene Products Co. v. Hanrahan, Commonwealth Attorney, 291 Ky. 417, 419, 164 S. W. 2d 597; United States v. Carolene Products Co., 304 U. S. 144, 58 S. Ct. 778, 82 L. Ed. 1234. The Shaw case holds that courts are without power to question the truth of the facts recited in the preamble of an act upon which the Legislature bases its classification, the contrary not appearing from the substance of the act or in the preamble. The two Carolene opinions hold that the wisdom or motives of the Legislature are not subject to inquiry by courts. All of the authorities upon which appellants rely are sound, but we cannot see their application to the question now before us.

While the title to the 1940 Act is short on stating facts and is long on stating arguments and conclusions, we are not questioning the verity of any statements it contains; nor are we concerned with the legislative wisdom or motives in passing the Act. But we are in accord with appellees that although the title of the Act recites it is a regulatory measure passed under the general police power yet the body of the Act does not contain one regulation, restriction or prohibition on chain stores or their method of doing business; therefore, it is not a police regulation, regardless of what may be stated in its title. In an elaborate opinion in City of Lexington

v. Thompson, 250 Ky. 96, 61 S. W. 2d 1092, it was written that the City Manager of Lexington, who was given the duties and attributes of a city official, was an officer of the city even though the act of the Legislature creating the place recited, "He 'shall not be an officer or official of the city but the executive agent of the mayor * * *.'" It was there pointed out that the Legislature was powerless to define words and terms entirely different from the meaning given them by the framers of our Constitution and it could not legally enact that a position was not an office which inherently and by all legal definitions is an office.

In the so-called title of this 1940 Act all of its nine paragraphs, with one exception, begin with the word "whereas," and it is more of a preamble than a title. It is true that the title of an act may be resorted to as an aid in construing the act, but a preamble is not generally considered as an essential part of a legislative act and cannot confer or enlarge its powers. 50 Am. Jur., "Statutes," sec. 309, p. 297; Jones v. City of Paducah, 283 Ky. 628, 142 S. W. 2d 365. However, should we not regard the title as a preamble but consider it purely as a title, it offends sec. 51 of our Constitution as being misleading, in that it recites that it is a police measure while the body of the Act contains no regulation and all it does is to lay a tax and raise revenue. Jefferson County Fiscal Court v. Thomas, 279 Ky. 458, 130 S. W. 2d 60; Markendorf v. Friedman, 280 Ky. 484, 133 S. W. 2d 516, 127 A. L. R. 416. The title to an act may be broader than necessary so long as it relates to only one subject, but it must be fairly expressive of the contents of the act, otherwise it violates sec. 51. State Board of Health v. Willman, 241 Ky. 835, 45 S. W. 2d 458; Russell, Sheriff v. County Board of Education of Logan County, 247 Ky. 703, 57 S. W. 2d 681.

We are further convinced that the Act is a revenue measure rather than a police measure because the revenue it raises is so greatly in excess of the cost to the State of issuing the license and of enforcing the statute. It is stipulated in the record that in the year 1940 the receipts from the Act were $177,188.65, while the costs of administration were $2,861.67; and we find that the receipts and costs for the years 1941 and 1942 compare favorably with the 1940 figures. The rule is thus stated

in City of Henderson v. Lockett, 157 Ky. 366, 163 S. W. 199, 201:

"But, where a license fee is imposed under the police power, the fee exacted must not be so large as to charge the ordinance with the imputation of a revenue-producing purpose. The fee that may be imposed under the police power is one that is sufficient only to compensate the municipality for issuing the license and for exercising a supervision regulation over the subjects thereof. Anything in addition to this amounts to a tax for revenue, and cannot be upheld as a valid exercise of the police power."

The Lockett case has been followed in an unbroken line of decisions down to Daily v. City of Owensboro, 257 Ky. 281, 77 S. W. 2d 939. It must not be forgotten that in a police act the amount of license fees charged should in some measure correspond to the costs of issuing the license and of enforcing the supervisions or regulations provided in the act.

The constitutionality of the Act is attacked on several other grounds but we deem it unnecessary to consider or discuss them.

The judgment is affirmed.