## Board of Education of Kenton County v. Louisville & N. R. Co.

Nov. 28, 1939.

John E. Shepard for appellant.

Rouse, Price & Adams, H. T. Lively and Sidney Smith for appellee.

Opinion of the Court by Creal, Commissioner—Affirming.

On May 5, 1928, at a special election held under authority conferred by Section 4426-3, Kentucky Statutes, 1930 edition, the voters of Forest Hills school subdistrict No. 2 in Kenton County approved a proposition duly submitted authorizing the county board of education to issue bonds not exceeding the limit provided by Section 158 of the Constitution "for the purpose of establishing, maintaining and operating a public school for such subdistrict and to levy a tax sufficient to provide a sinking fund for the payment of interest on the bond annually and the liquidation of the bonds at their maturity." Thereafter and under resolution adopted by the board of education of June 2, 1928, 5 per cent school bonds in

the principal sum of $15,800 were issued for the purposes indicated and the board levied tax of 50 cents on each $100 of property subject thereto in the subdistrict for the years 1928 to 1932, inclusive, to pay the interest and provide a sinking fund for the retirement of the bonds. A like levy was made for the year 1933 for the same purposes but certain taxpayers of the subdistrict in their own behalf and for and on behalf of other taxpayers therein brought a suit against the board and the collector of the tax to enjoin the collection of the levy made for 1933 alleging that the tax collected under the levy made for the previous years exceeded the amount of the principal sum of the bonds and all interest that would accrue thereon. On final hearing the relief prayed for was granted and there was no appeal from that judgment.

Thereafter the Louisville and Nashville Railroad Company, hereinafter referred to as the L. & N., instituted this action against the board of education of Kenton county and alleged in its petition that it was a taxpayer in the Forest Hills subdistrict and that before the final determination of the taxpayers' suit against the board it paid to the tax collector under the special levy for 1933 the sum of $742.55; that it paid such sum under protest and to evade any penalty to which it might be subjected under provisions of Section 4103, Kentucky Statutes; that the levy under which the tax was collected was illegal and unwarranted and no such tax was in fact due and it sought to recover the sum paid.

The board by answer traversed the allegations of the petition and set up defenses to which reference will later be made and which were in fact interposed to the taxpayers' suit. A bondholder attempted to intervene alleging in effect that the granting of the relief sought by the L. & N. would impair or deplete funds that should be applied to the retirement of the bonds and would endanger or interfere with payment of the bonds. Upon objection interposed by the L. & N. the court refused to permit the intervening petition to be filed or to make the bondholder a party.

On final hearing it was adjudged that the L. & N. recover the amount sued for and the board of education is appealing. It is first argued that bondholders were necessary parties to the action involving the validity of the tax to pay issued and outstanding bonds.

At the outset it may be noted that the bondholder

who was refused permission to intervene is not appealing and no direct action has been taken to set aside the judgment in the taxpayers' suit. It was shown in the taxpayers' suit and revealed by the record that a sufficient sum had been collected under levies for the years prior to the year 1933 to pay all interest and to retire all the bonds issued. There is some claim that the board of education, under Section 4426-3, supra, had the right to use taxes collected under levies made pursuant to the election for purposes enumerated in that section other than for the payment of interest and the retirement of the bonds but this contention is clearly untenable. The section in question authorized the issuance of the bonds for the purposes indicated therein and for the collection of a levy sufficient to provide a sinking fund for the payment of interest and the liquidation of the bonds and for their retirement; and funds derived under the levy could not be used for any other purpose.

The L. & N. is not attempting to and if it were it could not subject to the payment of its claim any of the funds legally provided for the interest or for the retirement of the bonds. Appellants cite and rely on the case of State Highway Commission v. Henderson County Board of Education, 260 Ky. 459, 86 S. W. (2d) 123, but that case is easily distinguished. It was dealing with an attempt to exempt school children from the payment of bridge tolls. The act authorizing the issuance of bonds for the construction of bridges and for the payment of the bonds out of revenue derived from the payment of the tolls exempted certain persons from payment of tolls but did not exempt school children. It was held in effect that to grant the additional exemption would impair or lessen the revenues provided to pay the bonds and therefore the bondholders were necessary parties to the action. The case relied on would have applied if there had been an attempt to impair or cut down the revenue provided by the levy to pay the interest and liquidate the bonds but this suit does not and could not have that effect; and it is manifest that in the circumstances the bondholders were not necessary parties to this action.

It is further argued that the payment of the tax in question was voluntary. In Coleman et al. v. Western & Southern Life Insurance Co., 264 Ky. 210, 94 S. W. (2d) 601, 602, the court quoted from a former opinion saying, "If payment of an illegal tax is made under

duress, it need not be paid under protest to entitle the payer to recover it back," and continuing it was further said, "Accordingly we ruled in the Zeidman & Pollie, Inc., v. City of Ashland, 244 Ky. 279, 50 S. W. (2d) 557, and River Excursion Company v. City of Louisville, 244 Ky. 811, 51 S. W. (2d) 470, that duress or compulsion exists whenever taxes are collectible by summary process of a fine or imprisonment, and are recoverable * * * ."

The tax bill against the L. & N. for 1933 was due before the taxpayer's suit was finally determined and in addition to the penalty provided under Section 4103 of the Statutes, "it would be liable to a fine of $50 for each day the tax remained unpaid to be recovered by indictment or civil action." It is therefore apparent that under the holding in the Coleman case, supra, the payment was made under duress and the L. & N. was entitled to recover any tax paid under the levy which the court held to be illegal.

Finally it is argued that there is no fund available to pay the judgment. However, as we view the matter that fact, if true, does not in any way militate against the judgment. Under the statute the board of education may sue and be sued and if in fact there are no funds on hand with which to pay the judgment the statute provides a way in which funds may be provided and refunding taxes wrongfully paid under judgment of court would not be considered a wrongful diversion of school funds on the part of the board.

Judgment affirmed.