# Board of Education of Kenton County v. Highland Cemetery.

Dec. 8, 1942.

John E. Shepard for appellant.

Harry B. Mackoy for appellee.

Opinion of the Court by Judge Cammack—Affirming.

The Highland Cemetery, the appellee herein, instituted this proceeding for its own benefit, and for the benefit of those similarly situated, to compel the appellant, the Board of Education of Kenton County, to meet outstanding bonds and interest of the Forest Hills Subdistrict No. 2 of the Kenton County School District. The prayer was that the bonds be met from the sinking fund designed to meet them, or from the Board's general fund, or from a special tax .levy sufficient to meet them as they became due. A part of the judgment follows:

"It is further ordered and adjudged that defendant pay the said unpaid bonds and interest coupons as and when same shall mature and be presented for payment, out of the sinking fund which originally was provided therefor, so far as said fund may exist, or be available, and if said fund, or any part thereof, is no longer in existence or available, then said defendant shall pay said unpaid bonds and interest out of its general fund; and if no funds shall be available for said purposes, the defendant is ordered and directed to cause a tax to be levied and collected in the manner provided by law, sufficient to pay all said bonds and interest, or such part thereof as shall not have been paid, as and when said bonds and interest shall mature."

The Board of Education is insisting that the judgment be reversed.

There have been at least three actions in the Kenton Circuit Court concerning, directly or indirectly, the tax measure designed to retire these bonds. One of the former actions reached this Court. Board of Education of Kenton County v. Louisville & N. R. Co., 280 Ky. 650, 134 S. W. (2d), 219, 220.

The bonds were issued under Section 4426-3 of the 1930 Edition of the Kentucky Statutes. The proposition submitted to the voters of the Forest Hills Subdistrict followed the language of the statute and appears below:

"Whether or not said Board shall issue and sell bonds of said District, in an amount not exceeding the limit provided by Section 158 of the Constitution,

for the purpose of establishing, maintaining and operating a public school for said subdistrict and the annual levy of a school tax, sufficient to provide a sinking fund for the payment of interest on bonds, and the liquidation of the same at their maturity.''

Bonds in the amount of some $15,800 were issued, and a 50 cent tax was levied for their payment during the years 1928 to 1932 inclusive. Due to increased assessments the levy during those years produced more than enough money to meet all of the bonds and interest, but no sinking fund was established and the revenues from the special levy were used by the Board of Education for its general purposes. When the levy was made for 1933, certain taxpayers of the Subdistrict, in their own behalf, and for other taxpayers, sought to enjoin the further collection of the levy on the ground that there had already been collected revenues in excess of the amount needed to retire all bonds with interest. That action resulted in the Board being enjoined from the further collection of the special tax, with the direction that the bonds and interest be met from the Board's general fund. There was never an appeal from that judgment.

Before the final determination of the action just mentioned, the Louisville & N. R. Co. paid under protest certain amounts under the Forest Hills Subdistrict levy. When that action was finally determined the Louisville & N. R. Co. sought to recover the amounts thus paid. It was successful in its undertaking. Board of Education of Kenton County v. Louisville & N. R. Co., supra. The appellee in this action sought to intervene in that action, but was not permitted to do so. It prosecuted no appeal from that ruling. During the course of the opinion in the Louisville & N. R. Co. case it was said:

''At the outset it may be noted that the bondholder who was refused permission to intervene is not appealing and no direct action has been taken to set aside the judgment in the taxpayers' suit. It was shown in the taxpayers' suit and revealed by the record that a sufficient sum had been collected under levies for the years prior to the year 1933 to pay all interest and to retire all the bonds issued. There is some claim that the board of education, under Section 4426-3, supra, had the right to use taxes collected under levies made pursuant

to the election for purposes enumerated in that section other than for the payment of interest and the retirement of bonds but this contention is clearly untenable. The section in question authorized the issuance of the bonds for the purposes indicated therein and for the collection of a levy sufficient to provide a sinking fund for the payment of interest and the liquidation of the bonds and for their retirement; and funds derived under the levy could not be used for any other purpose.''

It can be seen from the foregoing that there have been two judicial determinations to the effect that sufficient amounts were collected under the special Forest Hills Subdistrict levy between 1928 and 1932 to meet all of its bonds and interest. Furthermore, the opinion in the Louisville & N. R. Co. case holds that the levy was for the sole purpose of retiring the bonds and interest. In that case the Board contended, as it is here doing, that the levy was for the dual purpose of meeting the bonds and for the maintenance of the school, but the foregoing quotation from that opinion puts to rest that question. While the statement in that opinion is not the law of the case, in so far as this case is concerned, nor does it involve a question of res judicata, it answers conclusively and correctly, we still think, the contention that the levy was for a two-fold purpose, namely, the retirement of the Subdistrict bonds and interest and the maintenance of the school.

It is insisted that the judgment in the taxpayers' suit is not binding in the case at bar, because the doctrine of res judicata does not apply in tax suits, and because the bondholders were not parties thereto. True it is that no bondholder was made a party to that action, but the effect of the judgment was that the Board, which had collected and used for its general purpose amounts in excess of those needed to retire all the bonds and interest, should reimburse the sinking fund or pay the bonds as they fell due. That judgment was definitely beneficial to the bondholders. The principal relief sought and obtained by the taxpayers was to enjoin the further collection of the tax. But, in any event, the bondholders are here now and are asking that the Board be required to do what the judgment in the taxpayers' case said it should do, namely, retire the bonds and interest. The Board did not appeal from that ruling, and we fail

to see why it should not comply with it, regardless of whether the doctrine of res judicata is applicable to a case such as this. The opinion in the Louisville & N. R. Co. case, supra, recognizes the correctness of the ruling in the taxpayers' action, for, as we have noted, the Louisville & N. R. Co. was permitted to recover taxes paid under protest after the institution of that action. The rulings in all of the cases have been adverse to the contentions of the Board. Since most of the pleadings in the actions have been copied in the record now before us, we have no hesitancy in saying that the rulings appear to have been correct.

The whole case boils down to this: The Board of Education of Kenton County collected and used for its general purposes more money than was needed to retire the bonds and interest under the special Subdistrict levy of fifty cents. It was forced to stop the collection of the tax in 1933 and was directed to meet the bonds. It did not meet them. It admits taking the money, but now insists that it would be a hardship on it to comply with the ruling of the Kenton circuit court in 1933. At that time bonds were due only in the amount of $4,000. Now there are bonds totaling some $12,000 and interest due. We fail to see how the Board can now be heard to complain of the difficulty which it has brought upon itself. If the current budget is not adequate to meet these bond requirements, the Board should take such steps as may be necessary to comply with the judgment of the lower court. See Section 159 of the Constitution and Pulaski County v. Ben Hur Life Association, 286 Ky. 119, 149 S. W. (2d) 738; Fulton County Fiscal Court v. Southern Bell Telephone Co., 285 Ky. 17, 146 S. W. (2d) 15. The burden falls on the whole of the Kenton County school district, and not only on a part of it, because it is admitted that the proceeds of the special levy were used for general school purposes in the county district.

Judgment affirmed.