# Howell v. Highland Cemetery Co. et al.

May 30, 1944.

Stephens L. Blakely and Philip P. Siebert for appellant.

Harry B. Mackoy and John E. Shepard for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This appeal is from an allowance for an attorney's fee for services rendered in the circuit court and in this Court in the case of Board of Education of Kenton County v. Highland Cemetery, 292 Ky. 374, 166 S. W. 2d 854. Upon return of that case to the circuit court the attorney for the appellees moved for an allowance for his services. On February 15, 1943, the court entered an order allowing a fee of $2500 and directed that it be paid out of "* * * the fund or funds which defendant has, shall or may have available * * *." As a result of the prior action certain bonds will be paid together with interest, the last two of which are held by the appellant. The court ordered the fee paid by prorating it out of the total sum of $9450 (representing principal and interest) among the various bondholders. Exceptions were taken to the order at the time, but no further steps were taken until May 19, 1943, when the case was referred to the master commissioner. On June 23, 1943, the commissioner filed his report showing bonds totaling $6000 due July 1, 1943, and $1800 due July 1, 1945. He recommended that the fee be paid out of the entire amount, including the bonds and interest due in 1945. On July 12th, exceptions were filed, and on October 5th they were overruled and the report confirmed. From this last ruling an appeal was granted by the court below. An appeal was prayed and granted in this Court from the ruling of February 15th.

The questions presented by this appeal are, whether the allowance is proper; whether the attorney may recover the full amount of the allowance now, some of the bonds not maturing until 1945; and whether any part of the fee should be assessed against the appellant since her bonds are not due and nothing has been actually recovered for her, save a small amount of interest.

In support of the fee allowed it is insisted that the suit has been vigorously prosecuted for a period of years, is likely not yet completed, and but for the services of the attorney to whom the allowance has been made, the various bondholders would have obtained nothing. Some thirty-five motions and orders were made and entered in the record. Five briefs were filed and there was an oral hearing. However, much of the record is composed of pleadings and portions of the records filed in other actions pertaining to the same subject matter.

The matter of fixing a fair and reasonable attor-

ney's fee is one of considerable difficulty and delicacy, not only for the courts but for those performing the services themselves. This arises and is brought about by a number of circumstances, none of which may be controlling within themselves. Nevertheless all must be considered fully, or at least borne in mind, while fixing some exact amount which will be fair and reasonable to the litigant as well as the attorney. The amount involved; the time required in preparation and prosecution of the case; and the knowledge and training and experience possessed by the attorney, together with his recognized ability and reputation, including other probable factors such as the prospective benefits he may be able to obtain for his client and the loss of other fees by reason of his employment, are some of the elements to be considered in fixing a fair and reasonable fee. While the facts differ with respect to amounts involved and the nature of services performed, the discussion of an allowance for attorney's fee in the case of Wilhoit, Director of Banking, v. Brown, 295 Ky. 732, 175 S. W. 2d 529, is applicable here. We cannot say the amount involved for the appellant was only the interest recovered. There was no fund available out of which either the interest or bonds could be paid, and the ultimate purpose of the suit was to recover a sufficient amount to pay both. However, in view of all the rules and references in the Wilhoit case, the records before us, and the amount recovered for the bondholders, we have reached the conclusion that a fee of $1500 is a fair and reasonable allowance for the services rendered in this case.

On the question as to whether the appellant should be liable for any part of the fee there can be little doubt. It is true all that has actually been recovered for her to date is the interest on her bonds, but in this litigation it was first necessary to establish the validity of the bonds in order to recover anything. Not only has this been done, but a fund has been established out of which both bonds and interest will be paid. It would be unfair to permit one member of a class interested in the outcome of a lawsuit brought for his benefit to stand by and permit another member to bear all the costs and expense of the litigation. When a fund is recovered for the benefit of several parties in interest each should bear his share of the burden incident to recovery in proportion to the benefits derived therefrom. KRS 412.070. Smith v. Graham, 274 Ky. 144, 118 S. W. 2d 194.

The appellant insists there has been no recovery for her and she is correct, insofar as payment of her bonds is concerned. But she is entitled to the interest due and a fund has been recovered for its payment. The attorney is entitled to his proportionate share of the fee assessed against the interest due to date and the balance of the share assessed against the principal when the bonds become due and are paid to the bondholders, and under KRS 30.200 he is entitled to a lien for the amount of his fee.

We can think of no just reason for allowing the attorney in the present case to recover his entire fee before his clients are entitled to a recovery, even though he has made available the fund out of which they are to be paid in the future. At the institution of the action he knew that nothing could be recovered for the appellant on the bonds before 1945 because they were not due until then. In the absence of a contract he has no right to expect his fee to be paid out of any money except that which has actually been recovered for distribution to his client. KRS 412.070.

Judgment reversed, with directions to set it aside, and for the entry of a judgment in conformity with this opinion.