**Frank W. BROOKSHIRE, Appellant,**

v.

**Eugene G. LAVIGNE and Mary Lavigne, Appellees.**

Court of Appeals of Kentucky.

May 23, 1986.

Discretionary Review Denied by Supreme Court Aug. 27, 1986.

Robert B. Hensley, Hensley, Dunn & Ross, Horse Cave, for appellant.

Robert L. Bertram, Bertram & Wilson, Jamestown, Morris Butler, Butler, Butler & Hudson, Greensburg, for appellees.

Before HAYES, C.J., and COMBS and DUNN, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Green Circuit Court, awarding appellees damages in their personal injury action against appellant.

The sole issue on appeal is whether the trial court erred in permitting appellees to recover physician's witness fees as costs in the action. As a general rule, "[f]ees paid by a party to expert witnesses are not recoverable as part of the cost of the action, unless specifically authorized by statute." 20 Am.Jur.2d *Costs* § 65 (1965). KRS 453.040 states that "[t]he successful party in an ordinary action shall recover his costs," but the statute makes no provision for the recovery of expert witness fees. CR 54.04 lists the types of taxable costs and the criteria for ascertaining them:

[I]ncluding filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney and guardian ad litem fees, costs of depositions, fees for extraordinary services ordered to be paid by the Court, and such other costs as are ordinarily recoverable by the successful party.

Neither the statute nor the derivative civil rule purports to authorize the recovery of expert witness fees, such as the physician fees awarded in this case. Moreover, such fees were not recoverable at common law. Absent statutory authority, we conclude that the lower court erred in awarding appellees physician's fees.

The judgment of the Green Circuit Court is reversed and remanded with directions to enter an order disallowing the recovery of physician's fees.

All concur.