**SHELTER MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Edward J. McCARTHY, Appellee.**

No. 93–CA–1198–MR.

Court of Appeals of Kentucky.

Jan. 27, 1995.

Discretionary Review Denied by Supreme Court May 3, 1995.

J. David Bender, Covington, for appellant Shelter Mut. Ins. Co.

William J. Kathman, Jr., Florence, for appellee Edward J. McCarthy.

Before GUDGEL, SCHRODER and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from an order entered by the Boone Circuit Court awarding the appellee, Edward J. McCarthy, a pro-rata share of a $10,000 personal injury protection reimbursement paid by Hamilton Mutual Insurance Company, the third party defendant's insurer. The appellant also appeals from

that portion of the order requiring it to pay a pro-rata share of the unreimbursable case expenses.

This matter arises out of an auto accident involving the appellee and a third party. The appellee does not dispute the following statement of the facts made by the appellant:

This matter came on before the Court for a trial by jury on Monday, March 8, 1993. On March 9, 1993, the jury returned a verdict of Fifty-one thousand five hundred and 00/100 ($51,500.00) dollars for the Plaintiff [Edward McCarthy]. Medical bills submitted to the jury totaled Seventeen thousand three hundred eighty-three and 35/100 ($17,383.35) dollars. The jury awarded the sum of Fifteen thousand and 00/100 ($15,000.00) dollars as medical expenses. As stipulated by the parties, Shelter Mutual Insurance Company had paid Ten thousand three hundred and 00/100 ($10,300.00) dollars in BRB benefits concerning the Plaintiff's medical expenses. The Defendant paid the Plaintiff the Forty-one thousand five hundred and 00/100 ($41,500.00) dollars, and the parties agreed that the Ten thousand and 00/100 ($10,-000.00) PIP reimbursement from Hamilton Mutual Insurance Company to Shelter Mutual Insurance Company would be held by the parties pending a decision by the Court concerning its distribution of the $10,000 between the Plaintiff and Shelter Mutual Insurance Company. A Trial Order and Judgment was entered in this matter on April 8, 1993. A hearing on this issue was held before the Court on Monday, April 28, 1993, in which the Trial Court heard arguments, without a record, from the Plaintiff's counsel and counsel for Shelter Mutual Insurance Company. The parties had previously briefed this issue before the Court, and the Court on May 7, 1993, entered an Order that there should be a pro-rata distribution of this subject matter Ten thousand and 00/100 ($10,000.00) dollars between the parties concerning the medical bills and court costs incurred in this matter by the Plaintiff.

This appeal followed.

■ The appellant, Shelter Mutual Insurance Company, takes exception with the trial court on two separate counts. First, the appellant maintains that it should recover the full $10,000 in basic reparation benefits it paid to the appellee. Second, it alleges that it should not be responsible for any portion of the nonreimbursable case expenses incurred by the appellee.

The appellant has the right to recover the basic reparation benefits which it paid on behalf of the appellee in accordance with KRS 304.39–070(3). In pertinent part, that statute provides as follows:

A reparation obligor shall have the right to recover basic reparation benefits paid to or for the benefit of a person suffering the injury from the reparation obligor of a secured person as provided in this subsection, except as provided in KRS 304.39–140(3).

This statute expressly creates a right in the reparation obligor, the appellant, to recover benefits paid from the reparation obligor of a secured person, Hamilton Mutual Insurance Company. Generally, this section has been interpreted to mean that subrogation is allowed "provided available coverage is not exhausted and that payments to the injured party are not diminished." *State Automobile Mutual Ins. Co. v. Empire Fire & Marine Ins. Co.*, Ky., 808 S.W.2d 805, 807 (1991). It is uncontroverted that the available coverage is not exhausted. The available coverage under the insurance policy was $100,000 and the total amount of the verdict was only $51,500. It is important to note that the jury returned a verdict awarding $15,000 for medical expenses. Furthermore, it is undenied that the appellant has paid to the appellee basic reparation benefits in an amount over $10,000. These benefits were paid pursuant to the no-fault provisions of the policy purchased by the appellee from the appellant. Presumably the appellant paid medical expenses under the policy that the appellee reported to be the result of the accident. Once the jury's verdict is returned, the figure of $17,383.35 for medical expenses is no longer a factor to be considered. For purposes of this case, the appellee suffered $15,000 in compensable medical expenses for which he has received basic reparation benefits of $10,-

300 from the appellant. The appellant, however, may only recover $10,000. (The appellant concedes that three hundred dollars was erroneously paid by it in excess of the required payments.) The appellee has already received the remaining $5,000 that would be applied to his remaining compensable medical bills. The appellee's payments have not been diminished. *Id.*

■ The trial court, on its own initiative, may not find $17,383.35 in medical expenses when the jury found only $15,000. If the trial court found the jury's verdict to be deficient, it should have set the verdict aside rather than assume facts not found by the jury. Furthermore, the trial court may not arbitrarily curb a party's statutory right to recovery.

■ The Motor Vehicle Reparations Act provides for the recovery of attorney fees under certain circumstances. KRS 304.39–070(5) specifically allows a secured party to recover attorney fees from a reparation obligor if benefits are reimbursed. That statute does not provide for the recovery of case expenses as well.

The parties are entirely correct that the case law regarding nonreimbursable case expenses is scant at best. At common law, however, such expenses have typically not been allocated between plaintiffs in the absence of a statute providing for such allocation. *Cf. Howell v. Highland Cemetery Co.,* Ky., 297 Ky. 659, 181 S.W.2d 44 (1944); *Brookshire v. Lavigne,* Ky.App., 713 S.W.2d 481 (1986). Specifically, in *Brookshire* the court concluded that a physician's witness fees were not recoverable as costs absent statutory authority. Though *Brookshire* does not present the same problem as this case, it does support the proposition that case expenses should be treated like attorney fees; that is, statutory authority must be given in order to allocate such costs. In this case, the General Assembly has left out case expenses as recoverable. The General Assembly has allowed such expenses to be recovered by statute in other situations. *See* KRS 412.070. Since the statute does not allow the allocation of case expenses between the secured party, the appellee, and the repa-

rations obligor, the appellant, the pro-rata distribution by the trial court was improper.

The judgment of the Boone Circuit Court is reversed and remanded with directions to enter judgment consistent with this opinion.

All concur.