RENDERED: JANUARY 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0573-MR

JAMES SPROUSE, INDIVIDUALLY,
AND AS FATHER AND GUARDIAN
OF CHRISTOPHER SPROUSE AND
GABRIEL SPROUSE; AND PETER
WAYNE IV, AS SPECIAL
ADMINISTRATOR OF THE ESTATE
OF JESSICA A. SPROUSE                                          APPELLANTS

|  |  |
|---|---|
| v. | APPEAL FROM BOYD CIRCUIT COURT<br>HONORABLE GEORGE DAVIS, JUDGE<br>ACTION NO. 18-CI-00047 |

JUDEAN M. LEROY, APRN; AND
EMERGENCY PROFESSIONALS OF
OHIO, INC.                                                             APPELLEES

OPINION
AFFIRMING IN PART AND REVERSING IN PART

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND JONES, JUDGES.

CETRULO, JUDGE: This is an appeal from a judgment of the Boyd Circuit Court

permitting the prevailing parties, Judean Leroy, APRN, and Emergency

Professionals of Ohio, Inc. ("Defendants below"), to recover costs of $6,021.35

from the appellants, James Sprouse, individually and as father and guardian of Christopher Sprouse and Gabriel Sprouse, and Peter Wayne IV, as special administrator of the Estate of Jessica A. Sprouse ("Plaintiffs below"). While this action arose out of a wrongful death and medical negligence claim, the sole issue on appeal concerns a bill of costs Defendants below sought after a jury verdict in their favor. Correspondingly, our review and analysis are limited to that sole issue and governed by Kentucky Rule of Civil Procedure ("CR") 54.04.

CR 54.04 provides as follows:

(1) Costs shall be allowed as of course to the prevailing party unless the court otherwise directs; . . . In the event of a partial judgment or a judgment in which neither party prevails entirely against the other, costs shall be borne as directed by the trial court.

(2) A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

In accordance with that rule, Defendants below filed their bill of costs on March 23, 2023, following the jury verdict and entry of a judgment in their favor; then, Plaintiffs below filed exceptions to the bill of costs within five days. Plaintiffs below argued, as here, that the invoices provided by Defendants below included charges beyond the original depositions. Specifically, the videographer included fees for hyperlinking exhibits, a web conference fee on one deposition, and a charge for both the videography and the transcript on another. In short, Plaintiffs below alleged $1,004 in "unrecoverable" costs pursuant to CR 54.04. Secondarily, Plaintiffs below asserted that the estate of Jessica Sprouse simply did not have the financial resources to pay these costs, and the trial court should consider that fact in denying costs to the prevailing party.

Defendants below responded to the exceptions, stating that these were expenses "associated" with obtaining one original deposition and were not copies of depositions or costs otherwise barred by CR 54. Regarding the financial resources of the estate, Defendants below pointed out that the lawsuit did initially name another co-defendant and that the estate had settled with that co-defendant, although for a confidential amount.

In its order, the trial court simply ruled:

> The Court having reviewed the Plaintiff's exceptions to the Defendant's Bill of Costs finds no reason to deviate from the costs demanded by the Defendant.

On May 10, 2023, pursuant to CR 60.02, Plaintiffs below filed a motion for clarification to be heard on May 19, 2023. However, the following day, Plaintiffs below filed their timely Notice of Appeal to this Court from the Order granting costs. Accordingly, the Boyd Circuit Court entered a second Order, stating only "that the motion was being passed pending a ruling by the Court of Appeals."

Briefly addressing the motion for clarification, Plaintiffs below asserted then, and now, that this Court should allocate any award of costs among the four plaintiffs: James Sprouse, Christopher Sprouse, Gabriel Sprouse, and the Estate of Jessica Sprouse. However, the trial court did not rule on that request and indeed passed that motion in light of this appeal. We generally will not address a matter that has not been both raised before and addressed by the trial court. *Norton Healthcare, Inc. v. Deng*, 487 S.W.3d 846, 852 (Ky. 2016) (citations omitted). This issue – to allocate costs between the plaintiffs – was not raised in the exceptions to the bill of costs filed by Plaintiffs below, has not been decided by the trial court, and is therefore not before us.

We need only determine whether the trial court abused its discretion in awarding the costs sought. *Miller v. McGinty*, 234 S.W.3d 371, 373 (Ky. App. 2007) (citation omitted). Plaintiffs below recognize that a trial court abuses its discretion only when its decision is arbitrary, unreasonable, unfair, or unsupported

-4-

by sound legal principles. Having reviewed CR 54.04 and relevant precedent, we find that certain specific expenses Plaintiffs below complained of do fall outside the recoverable costs permitted by CR 54.04(2).

CR 54.04 permits recovery of the "costs of the originals of any depositions." Numerous cases have analyzed Rule 54 and concluded that its wording is clear, and nothing in the rule permits recovery of copies or other expenses not authorized by CR 54.04. *See Brookshire v. Lavigne*, 713 S.W.2d 481 (Ky. App. 1986). "Case expenses should be treated like attorney fees; that is, statutory authority must be given in order to allocate such costs." *Shelter Mut. Ins. Co. v. McCarthy*, 896 S.W.2d 17, 19 (Ky. App. 1995). However, there is no such applicable statutory authority here. Therefore, the costs allowable are limited to those set forth in Rule 54. As precedent has noted, "[i]n this Commonwealth, allowable costs are generally more circumscribed than that allowed in other jurisdictions." *See Test v. Expressbill, LLC*, No. 2008-CA-000088-MR, 2009 WL 3321009, *1, *5 (Ky. App. Oct. 16, 2009) (citation omitted); *see also* DAVID V. KRAMER, 7 KY. PRAC. R. CIV. PROC. ANN. § 54.04 (2022 edition).

Defendants below do not explain why the cost of both a stenographic transcript and a videotape of one deposition were included in their bill of costs. Seemingly, they recognize that only one of those charges should have been included, but they argue the trial court did not abuse its discretion. As to the other

-5-

disputed expenses, Defendants below contend that the hyperlinking, e-litigation packages, and web conference charges are a part of the original costs of the deposition in our more electronic litigation world.

This Court addressed a similar argument in *Helm Company, LLC v. Humana Insurance Company of Kentucky*, No. 2013-CA-001613-MR, 2014 WL 4802918 (Ky. App. Sep. 26, 2014). There, Humana was the prevailing party and sought costs under CR 54.04. Humana contended that the purpose behind allowing reimbursement for the costs of only the originals of any depositions is "outdated and inapplicable in the modern litigation context." *Id.* at *2. There, this Court held, to the extent a party believes CR 54 is unfair or outdated, "it is the prerogative of the Supreme Court of Kentucky, not this Court, to change it." *Id*. In *Helm*, we denied as a recoverable cost an "expedited rate" for one of the original depositions. We find that charge analogous to the hyperlink, web conference fees, and e-litigation expenses awarded here against Plaintiffs below.

Because CR 54.04 does not provide for recovery of those associated expenses, we reverse the Boyd Circuit Court Order, but only to the extent it included the fees outlined above. Per Plaintiffs below, the total of those "unrecoverable" expenses was $1,004 and the trial court should enter a new order removing those expenses. Otherwise, we emphasize that the trial court retains great discretion in awarding costs. We do not find any abuse of that discretion

based upon the Estate of Jessica Sprouse's claimed lack of financial resources to pay the original costs of the deposition, nor do we address allocation or apportionment of the award as that was not decided by the trial court. Accordingly, the April 13, 2023 order of the Boyd Circuit Court is affirmed in part and reversed in part.

ALL CONCUR.


BRIEF FOR APPELLANTS:

Tad Thomas
Lindsy Lopez
Louisville, Kentucky

BRIEF FOR APPELLEES:

Jeffrey A. Darling
Lexington, Kentucky