**CITY OF ELIZABETHTOWN et al., Appellants,**

v.

**Lee E. CRALLE, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 17, 1958.

185

J. Howard Holbert, Elizabethtown, for appellants.

Joseph R. Rubin, Louisville, L. A. Faurest, Jr., Elizabethtown, for appellees.

EBLEN, Judge.

On April 1, 1957, the City Council of Elizabethtown, Kentucky, enacted ordinances authorizing the issuance of $1,300,-000 Natural Gas System Revenue Bonds, and establishing rates and charges for the use of and services rendered by the natural gas distribution system.

Pursuant to recommendations made by the consulting engineer, employed by the city, and J. J. B. Hilliard and Son, fiscal

agent for the City in the sale of the bonds, the City Council, on May 13, 1957, duly enacted an ordinance providing for the management, control, and operation of the existing waterworks and sewer system and the proposed natural gas system by a Municipal Utilities Commission. At this same meeting the Council adopted a resolution authorizing the sale of $1,150,000 of the natural gas bonds on June 3, 1957.

Before the sale of the bonds, J. J. B. Hilliard and Son issued a descriptive circular with reference to this bond issue in which it was stated that "Prior to the sale of these bonds, the City expects to adopt an ordinance creating a Municipal Utilities Commission (Board) which will operate and manage the Water and Sewer System and the Natural Gas System * * * on a non-partisan and non-political basis." The City published and distributed, in mimeograph form, a booklet entitled "Official Statement—Information for Prospective Bidders Relating to the Sale of" the natural gas bonds. This booklet contained copies of the bond ordinances, the rate ordinance, and the ordinance (and the preamble) creating the Municipal Utilities Commission.

In accordance with the provisions of the Municipal Utilities Commission ordinance, M. L. Underwood, Will Allen Brown, and W. H. Taylor, all of Elizabethtown, Kentucky, were appointed members of the Commission. J. J. B. Hilliard and Son and associates were the successful bidders on the bonds, and in turn sold them to various purchasers.

At the election held in November, 1957, Jess W. Murray, Scott Carroll, Glenial Tharp, Robert C. Duggins, Jr., Oliver H. Walker, and H. B. Goodman were elected to the City Council of Elizabethtown, and Leonard T. Bean was elected Mayor. On January 6, 1958, the new City Council enacted an ordinance abolishing the Municipal Utilities Commission and providing for the operation of the water and sewer system and the natural gas system by the City Council.

Lee E. Cralle and J. J. B. Hilliard and Son, a partnership, filed this suit on behalf of themselves, as holders of natural gas bonds and as class representatives of all other holders of natural gas bonds, to enjoin the City of Elizabethtown, the members of the City Council, and the Mayor from enforcing the ordinance abolishing the Municipal Utilities Commission. The defendants below filed an answer and cross complaint. The lower court enjoined the defendants below from interfering in any way with the operation of the Utilities Commission during the life of the gas bonds, and this appeal is from that decision. The matters presented by the cross complaint are not involved here.

While an office created by a city ordinance may be abolished by a subsequent ordinance, an exception has been recognized in those cases in which the creating ordinance is a contract that is protected against impairment. Keathley v. Town of Martin, Ky., 253 S.W.2d 3. Accordingly, the City of Elizabethtown may not abolish the Utilities Commission if the creation and continued existence of that Commission was made a part of the contract between the City and the bondholders.

It is not contended that there was an express agreement by the City of Elizabethtown that the gas system should be under the control and operation of the Utilities Commission so long as any of the gas bonds should be outstanding. Rather, the position of the bondholders is, that in creating the Utilities Commission before the sale of the bonds, and publishing the Utilities Commission ordinance in the information booklet for prospective bidders, the City intended for the bondbidders to believe that the management of the utility was vested in a permanent commission free of political or partisan favoritism, and that the bondbidders reasonably relied upon this assurance

and, as a consequence, submitted a bid more favorable to the City. As thus phrased, the claim of the bondholders appears to be based more upon estoppel than contract, although this may be a point at which estoppel and contract overlap. See 115 A.L.R. 152.

The statements upon which the bondholders assert that they relied are in the third paragraph of the preamble to the Utilities Commission ordinance, which reads as follows:

"Whereas, it is deemed advisable by the Council that a permanent plan, of municipal management, control and operation of said combined and consolidated municipal waterworks and sewer system and said proposed natural gas distribution system be now made of record for the assurance of efficient management, control and operation of said systems, free of political or partisan favoritism."

 Even if it be assumed that this is a representation that would be binding upon the City, were it in the body of a contract or an ordinance, the fact that it appears in the preamble to the ordinance is fatal to the contention of the bondholders. A preamble to a statute or ordinance, the same as a preamble to a contract, is merely an introductory clause, expressing the reasons for and objects sought to be accomplished by the body of the enactment or agreement, and is not an essential part thereof. Jones v. City of Paducah, 283 Ky. 628, 142 S.W.2d 365. Consequently, if the City be bound by a contract, it must be found in the body of the Utility Commission ordinance, since the statements in the preamble cannot be the foundation of an agreement. Admittedly, there is no contract, or basis for one, in the body of that ordinance. Nor can the City be bound by an estoppel based upon the statements in the preamble as they, at most, are representations of the reasons, honestly and truthfully expressed, which led the City Council, as then constituted, to create the Utility Commission. Certainly, a city council cannot be estopped from concluding that the stated reasons are no longer valid, or that a desired purpose can be better accomplished by another course of action, because it has previously made a bare statement of those reasons or that purpose. See Metropolitan Life Ins. Co. v. Childs Co., 230 N.Y. 285, 130 N.E. 295, 14 A.L.R. 658; Robinson v. Paxton, 210 Ky. 575, 276 S.W. 500. In the light of the foregoing, it necessarily follows that the enactment of the Utility Commission ordinance before the sale of the bonds and its publication for the information of bondbidders have no legal significance.

The lower court was guided by the Keathley case, supra. While that opinion contains language which supports the claim of these bondholders, in that case there was an express contract between the municipality and the bondbidders providing for a utility commission during the life of the bonds. It was properly determined that the ordinance creating the Board of Water Commissioners could not be repealed so long as a bond of that issue of bonds was outstanding. What was said beyond that was obiter dictum.

The judgment is reversed and the case is remanded for proceedings in conformity with this opinion.