CITY OF ASHLAND, Kentucky; and Brenda Kesling, City of Ashland Alcoholic Beverage Control Administrator, Appellants,

v.

KENTUCKY ALCOHOLIC BEVERAGE CONTROL BOARD; Ashland, Inc., d/b/a/ SuperAmerica Store # 5603; and, Ashland, Inc., d/b/a/ SuperAmerica Store # 5724, Appellees.

No. 96–CA–002873–MR.

Court of Appeals of Kentucky.

May 8, 1998.

Discretionary Review Denied by Supreme Court Jan. 13, 1999.

---

Richard W. Martin, Kevin P. Sinnette, Ashland, for Appellants.

Pamela Carroll Farmer, Rebecca Goodman, Frankfort, for Appellee, Kentucky Alcoholic Beverage Control Board.

Mark R. Overstreet, Frankfort, for Appellee, Ashland, Inc. d/b/a SuperAmerica Store # 5603 and Store # 5724.

Before GARDNER, JOHNSON and MILLER, JJ.

*OPINION*

JOHNSON, Judge.

The City of Ashland (the City) has appealed from the judgment of the Franklin Circuit Court which affirmed the determination of the Kentucky Alcoholic Beverage Control Board (the Board) that the City was without authority to impose a quota on the number of malt beverage licenses to be issued in the City and that the City's ordinance prohibiting the sale of malt beverages from a store that sells groceries and/or gasoline is not enforceable as it conflicts with Kentucky Revised Statutes (KRS) 243.280(2). We affirm.

The issues in this appeal concern the proper interpretation to be afforded KRS 242.1292, a statute entitled, "Limited sale precincts in cities of second class." Ashland is the only city of the second class that has elected to utilize this statute which was enacted in 1980 and designed to relieve economic distress in those precincts adversely affected by the prohibition against the sale of alcoholic beverages. KRS 242.1292(2). *See United Dry Forces v. Citizens for a Progressive Community,* Ky., 635 S.W.2d 478 (1982), and *United Dry Forces v. Lewis,* Ky., 619 S.W.2d 489 (1981).

Elections were held in four precincts in Ashland that the governing body had declared to be suffering from an economic hardship due to prohibition. KRS 242.1292(10)(a). All four precincts voted "wet." Pursuant to the enabling legislation, the City passed an ordinance in 1981, which contains a comprehensive scheme for the control and licensing of alcohol. This case involves the question of the validity of two sections of the ordinance: (1) § 34(g), which prohibits the sale of alcohol at grocery stores and gasoline stations,[1] and (2) the City's definition of a license as meaning a license to sell "distilled spirits, wine or malt beverages or any combination thereof."

The City finds express authority to support the validity of its ordinance and the scheme it has created in KRS 242.1292(5) and (6), which subsections read in their entirety as follows:

(5) If a majority of the votes cast in any limited sale precinct in which an election is held pursuant to this section are in favor of the sale of alcoholic beverages in that precinct, the governing body of the city shall by ordinance create or provide for the

---

1. This section of the ordinance reads as follows:

No license shall be issued to any person, firm or corporation for the sale at retail of any alcoholic beverage at any store or other place of business where a substantial portion of its business consists of the selling of school books, school supplies, food, lunches or drinks for such minors irrespective of the distance of such store or other place of business from a church, school or hospital.

Nor shall any license be issued for the sale of any alcoholic beverage for any premises used as or in connection with the operation of any business in which a substantial part of the commercial transaction consists of selling at retail staple groceries or gasoline and/or lubricating oil or as a drug store in which a registered pharmacist is employed.

office of city alcoholic beverage control administrator and shall adopt a comprehensive regulatory ordinance covering the licensing and operation of establishments for the sale of alcoholic beverages within a limited sale precinct. In its discretion the governing body may provide that:

(a) Only three (3) licenses permitting the package sale at retail of alcoholic beverages shall be granted within the territorial limits of any limited sale precinct.

(b) Only four (4) licenses to sell alcoholic beverages by the drink for consumption on the premises by the general public shall be granted in any one ($l$) limited sale precinct. One (1) such license in each limited sale precinct may be reserved for grant to any newly established hotel, motel or inn containing not less than fifty (50) sleeping units and having dining facilities for not less than one hundred (100) persons. The remaining three (3) licenses may be granted to a hotel, motel or inn meeting the aforestated requirements or to bona fide restaurants open to the general public having dining facilities for not less than one hundred (100) persons; and further provided that additional licenses to sell alcoholic beverages by the drink for consumption on the premises may be granted to social membership clubs established and maintained for the benefit of members only by bona fide fraternal or veterans organizations.

(6) The governing body may also incorporate in the regulatory ordinance such other reasonable rules and regulations as may be necessary or desirable for the proper administration and enforcement of this section and for the maintenance of public order in a limited sale precinct, and for the issuance of any licenses permitted by KRS 243.070; provided that any rule or regulation adopted in the regulatory ordinance shall conform to the requirements of KRS 241.190.

In February 1996, the appellee, Ashland, Inc., d/b/a/ SuperAmerica (SuperAmerica) applied to the City for licenses to sell beer at

two locations within the city's precincts controlled by the ordinance. The City denied both applications pursuant to § 34(g) of the ordinance. *See* note 1, *supra.* A license for Store # 5603 was denied for the additional reason that there were no package licenses available in the precinct in which the store was located.

These decisions were appealed to the Board which, as previously stated, determined that the City could not place a quota on the sale of malt beverages or prohibit the sale of beer from a grocery store or gasoline station. In its opinion, the Board further held as follows:

10. The city of Ashland adopted a regulatory ordinance pursuant to KRS 242.1292(5) and (6) purporting to regulate the licensing and operation of establishments for the sale of alcoholic beverages in the city of Ashland.

11. Ashland's power to regulate the traffic in alcoholic beverages pursuant to KRS 242.1292(5) and (6) is subject to approval by the Commonwealth of Kentucky through the Department of Alcoholic Beverage Control. KRS 241.190.

12. The city of Ashland bears the burden of seeking and obtaining the approval of the Department of Alcoholic Beverage Control of Ashland's regulatory ordinance.

13. The parties to this action agree, and the Board finds, that Ashland's regulatory ordinance has not been approved by the Department of Alcoholic Beverage Control pursuant to KRS 242.1292(6) and KRS 241.190.

The Board ordered the City to issue a retail beer license to SuperAmerica at both its locations.[2]

The City appealed the Board's decision to the Franklin Circuit Court. In a well reasoned opinion, the court affirmed the Board in all respects, except it vacated that portion of the Board's order that determined the

---

**2.** It was conceded by the City that the applicants met all other requirements for obtaining a license.

entire ordinance void because of the City's failure to have it approved by the Board.[3]

■ There is no question, as the lower court found, that the portion of the City's ordinance which prohibits the sale of alcohol from premises which sell groceries and gasoline, conflicts with KRS 243.280(2), which expressly permits such establishments to obtain a malt beverage retailer's license if they "maintain[ ] in inventory on the premises for sale at retail not less than five thousand dollars ($5,000) of food, groceries, and related products valued at cost." In declaring the ordinance invalid, the Franklin Circuit Court relied on *Whitehead v. Estate of Bravard,* Ky., 719 S.W.2d 720, 723 (1986), which reiterated the "supremacy" of the state to "control and regulate the traffic in alcoholic beverages...." The Franklin Circuit Court held that "[t]he general authority to make regulations granted the City by KRS 242.1292(6) does not and cannot carry with it the authority to repeal an enactment of the General Assembly such as KRS 242.280(2)."

The City attempts to distinguish the instant case from *Whitehead,* as that case did not involve KRS 242.1292, but the Home Rule Statute, KRS 82.082. In fact, the City insists *Whitehead* supports its position and it finds solace in the following statement: "Any delegation of that authority [to regulate the alcoholic beverage industry], because of the nature of the industry, must be specific and unequivocal, not merely inferential." *Id.* at 724. The City insists that KRS 242.1292 is a "specific and unequivocal" delegation of authority to regulate the sale of alcohol.

We agree that KRS 242.1292(5) does give a city of the second class specific and unequivocal authority to "adopt a comprehensive regulatory ordinance" and, in its discretion, to limit the number of licenses "permitting the package sale at retail of alcoholic beverages" to three, and to limit the number of licenses permitting the sale of "alcoholic beverages by the drink" to four. Subsection (6) of the statute also allows the city to adopt "reasonable rules and regulations as may be necessary or desirable...." However, there is no express or specific authority to create a scheme that disqualifies certain types of retailers such as grocery stores or gasoline stations from obtaining a package license to sell alcoholic beverages. We agree with the lower court that any conflict between the City's ordinance and a specific statute must be resolved in favor of the statute. *See Commonwealth v. Do, Inc.,* Ky., 674 S.W.2d 519 (1984).

We find no support for the City's position in *Louisville v. Michael A. Woods, Inc.,* Ky. App., 883 S.W.2d 881 (1993), a case in which the city's ordinance prohibiting "nude or nearly-nude activities on ABC Board licensed premises" was held not to conflict with the "'comprehensive scheme' of state regulation." *Id.* at 882. In that case, the Court specifically stated that the ordinance in question did not concern issues relating to the licensing and selling of alcohol; instead, the ordinance related to "conduct permitted in businesses" in which alcohol is sold. *Id.* at 884. This Court held as follows:

> The ordinance does not conflict with or usurp the state's "scheme." It is merely in addition to what the state has attempted to provide as a minimum standard, and there is nothing to prevent a local government from establishing minimum standards of conduct permissible in its own territory.

*Id.* Unlike *Michael A. Woods, Inc.,* the ordinance at issue in this case does concern licensing, and clearly conflicts with KRS 243.280(2).

■ Next, the City argues the Franklin Circuit Court erred in affirming the Board's determination that KRS 242.1292(5) does not authorize the City to place a quota on licenses to sell malt beverages. As previously discussed, KRS 242.1292(5) specifically allows the City to place quotas on licenses for "package" sales and "by the drink" sales. However, as the lower court recognized, a license for the sale of malt beverages is not treated anywhere in the statutory scheme contained in Chapters 241, 242, 243 and 244, as either a "package" or a "by the drink"

---

**3.** The Board has not cross-appealed from this ruling, therefore we need not address its implications.

**214**

license. There is just one license for the sale of malt beverages—a retail malt beverage license. KRS 243.040(4).

In holding that the discretion to impose quotas contained in KRS 242.1292(5) does not contemplate quotas on retail malt beverage licenses, we adopt Judge Crittenden's reasoning from his circuit court opinion as follows:

[A]lthough the statute grants the City the authority to impose quotas, that authority is limited to separate quotas for "drink" and "package" licenses. The term "package license" (the particular quota that the City contends is full and bars the issuance of a license to Store # [56]03), however, is a term of statutory and administrative art without application to malt beverage licenses....

Although there are separate licenses for the sale of wine and distilled spirits by the "package," KRS 243.030(7), and the "drink," KRS 243.030(8), there is but a single retail malt beverage license, KRS 243.040(4). Likewise, the terms "package license" and "drink license" are used only in connection with distilled spirits and wine in the licensing statutes, by the Board, and in common parlance. *See,* KRS 243.030(7); KRS 243.030(8); KRS 243.230; KRS 243.240; and KRS 243.250. In sum, not only is there no such creature as a malt beverage "package license," statutory, administrative and common usage of the term "package license" is limited to distilled spirits and wine. Nothing in KRS 242.1292(5) suggests that the General Assembly intended to throw this statutory and administrative framework overboard in enacting the statute.

The City insists that the use of the word "limited" in the title of KRS 242.1292 evinces an intent of the Legislature to limit the sale of alcohol in those precincts affected. It argues: "The unambiguous mandate of KRS 242.1292(5) is that the Legislature granted those second class cities whose electorate approved the *limited sale* of alcoholic beverages in such precincts the discretionary authority to regulate and license proposed establishments therein" (emphasis in original). One problem we see with this argument is

that the electorate is not asked to approve the "limited sale" of alcoholic beverages, but is only asked, "Are you in favor of the sale of alcoholic beverages in (official name and designation of precinct)?" KRS 242.1292(4). In any event, the statute does allow the City to set certain quotas, just not all the ones contained in the ordinance at issue.

Accordingly, the judgment of the Franklin Circuit Court is affirmed.

All concur.